[993 NYS2d 571]

In the Matter of STEVEN ROSENBERG, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 8, 2014

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Jerome Karp*, Brooklyn, for respondent.

OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a petition and supplemental petition, dated August 23, 2010, and July 21, 2011, respectively, containing a total of 14 charges of professional misconduct. Following a hearing, the Special Referee sustained all 14 charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent, by his counsel, submitted a letter indicating that he "takes no issue with the Special Referee's Report" and "requests [that] the Court . . . exercise its judgment in accordance with said Report."

Charge 1 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about January 19, 2010, the Grievance Committee received a notice from the Lawyers' Fund for Client Protection concerning a dishonored check drawn on the respondent's attorney trust account. Specifically, on November 23, 2009, check No. 139, drawn on the respondent's attorney trust account at Citibank (No. xxxx6073), in the sum of $50,000, was dishonored due to insufficient funds. By letter dated January 28, 2010, the respondent was advised that an investigation had been commenced against him, and he was asked to submit a written response to the complaint, and produce certain bank and bookkeeping records related to his attorney trust account, within 20 days of receipt of the Grievance Committee's letter. The respondent failed to respond to this letter. By letter dated March 16, 2010, sent via certified mail, return receipt requested, the respondent was asked to submit a written answer to the complaint, and to produce certain bank and bookkeeping records related to his attorney trust account, within 10 days of receipt of the Grievance Committee's letter. Postal records reflect that the letter was accepted for delivery on March 18, 2010. However, the respondent failed to respond. A judicial subpoena and subpoena duces tecum, dated April 9, 2010, directing the respondent to appear at the office of the Grievance Committee on May 13, 2010, and to produce, inter alia, certain bank and bookkeeping records related to his attorney trust account, were served at the respon-

dent's office on April 16, 2010. Pursuant to the subpoenas served upon him, the respondent appeared at the office of the Grievance Committee on May 13, 2010, and provided sworn testimony. However, he failed to comply with that portion of the subpoena duces tecum that directed him to produce certain bank and bookkeeping records referable to his attorney trust account. In his sworn testimony on May 13, 2010, the respondent agreed to submit a written response to the subject complaint, as well as the requested bank and bookkeeping records, to the Grievance Committee, on before May 20, 2010. The respondent failed to comply.

Charge 2 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about March 3, 2010, the Grievance Committee received a complaint of professional misconduct against the respondent from Matteo Patisso. The complaint alleged, inter alia, that the respondent had neglected Mr. Patisso's legal matters. By letter dated March 8, 2010, the respondent was advised that an investigation had been commenced against him, and he was asked to submit a written answer to the complaint within 10 days of his receipt of the Grievance Committee's letter. The respondent failed to answer. A judicial subpoena and subpoena duces tecum, dated April 9, 2010, directing the respondent to appear at the office of the Grievance Committee on May 13, 2010, were served at the respondent's office on April 16, 2010. Pursuant to the subpoenas served upon him, the respondent appeared at the office of the Grievance Committee on May 13, 2010, and provided sworn testimony. In his sworn testimony on May 13, 2010, the respondent agreed to submit a written answer to the complaint on before May 20, 2010. The respondent failed to comply.

Charge 3 alleges that the respondent neglected a legal matter entrusted to him, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). In or about November 2006, the respondent was retained by Donald Davis to represent him in a proceeding pending before the United States Merit Systems Protection Board (hereinafter the Board) entitled *Matter of Davis v Department of Justice* under docket No. NY 0752-07-0114-I-1, in which Mr. Davis sought review of the termination of his employment with the Bureau of Prisons of the United States Department of Justice. A hearing

in the matter was held on June 4, 2007. By initial decision dated September 14, 2007, the Board affirmed the action of the Bureau of Prisons in terminating Mr. Davis from his employment. The respondent, on behalf of Mr. Davis, filed a petition for review by the Board of the initial decision dated September 14, 2007. In a final order dated January 16, 2008, the Board denied the petition for review. The respondent, on behalf of Mr. Davis, filed a petition for review with the United States Court of Appeals for the Federal Circuit (hereinafter the Federal Circuit), with respect to the final order dated January 16, 2008. In an order dated April 30, 2008, the Federal Circuit dismissed the petition for review. In its order, the Federal Circuit ruled that "[t]he petitioner having failed to file the required Statement Concerning Discrimination, it is ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules." (*Davis v Department of Justice*, 310 Fed Appx 361 [2008].) The respondent failed to advise Mr. Davis of the order dated April 30, 2008. After receiving a copy of the order dated April 30, 2008, the respondent was advised by a clerk of the Federal Circuit that the dismissal of the petition for review could be "cured" by filing a motion to reinstate the matter pursuant to Federal Rules of Appellate Procedure rule 27. However, the respondent failed to file a motion to reinstate the petition for review.

Charge 4 alleges that the respondent handled a legal matter which he knew, or should have known, he was not competent to handle, without associating with a lawyer who was competent to handle it, in violation of former Code of Professional Responsibility DR 6-101 (a) (1) (22 NYCRR 1200.30 [a] [1]). In addition to the factual allegations of charge 3, the respondent gave sworn testimony before the Grievance Committee on July 7, 2009, as follows:

> "Quite frankly, I had told [Mr. Davis], or, I didn't tell him in a formal way, but that I did not do this kind of work, and I couldn't in good conscience charge him for all the time I spent trying to learn all the different rules and regulations and processes and procedures . . . I couldn't charge him for my learning curve, so I didn't."

The respondent testified further, "my inexperience in this, led me to not understand that a statement that there was no discrimination is required in a case that makes no claim for discrimination." The respondent also testified, "I hadn't the

foggiest clue it was a dismissible event; the failure to file a piece of paper with a check mark." Additionally, the respondent testified,

> "I didn't say I didn't feel competent to handle the case. I said that I had never expressed that I had experience in handling these kind of cases before. I would have been both relieved and supportive if [Mr. Davis] was able to get counsel that had the right kind of experience, that had appellate experience in any form. That would have been great."

Finally, the respondent testified that Mr. Davis's matter was the first time he had represented a client in a federal appeal or a proceeding for direct review of an administrative determination in a federal appeals court. The respondent failed to associate with an attorney who was competent to handle Mr. Davis's matter.

Charge 5 alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In addition to the factual allegations of charges 3 and 4, Mr. Davis retained the law firm of Valli Kane & Vagnini (hereinafter the Valli firm) on or about September 9, 2008, to "determine whether an appeal is possible with claims previously brought against his employer the Federal Bureau of Prisons." By letter dated September 12, 2008, the Valli firm requested that the respondent forward Mr. Davis's file to them. The respondent failed to forward the file, as requested. By facsimile transmission dated October 6, 2008, the Valli firm requested that the respondent forward Mr. Davis's file to them. The respondent failed to forward the file, as requested. On or about October 6, 2008, in a telephone discussion, a member of the Valli firm requested that the respondent forward Mr. Davis's file to the firm. The respondent failed to forward the file, as requested. On or about October 14, 2008, in a telephone discussion, the respondent advised the Valli firm that he would forward Mr. Davis's file to them. However, the respondent failed to do so. By letter dated October 29, 2008, sent via certified mail, return receipt requested, the Valli firm requested that the respondent forward Mr. Davis's file to them. Although postal records indicate that the letter was accepted for delivery on November 3, 2008, the respondent failed to forward the file, as requested. On November 7, 2008, in a telephone discussion, the respondent advised the Valli firm that Mr. Davis's file was being

forwarded to them. However, the respondent failed to forward the file to the firm.

Charge 6 alleges that the respondent neglected a legal matter entrusted to him, in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent represented the plaintiffs in an action entitled *Min Liu v Bank of America*, commenced in the United States District Court for the Eastern District of New York under docket No. 08-CV-3358. By notice of motion dated March 12, 2010, the defendant, Bank of America, moved for summary judgment dismissing the complaint. The respondent failed to respond to the motion on behalf of his client. By memorandum and order dated April 28, 2010, United States District Court Judge John Gleeson granted Bank of America's motion for summary judgment.

Charge 7 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to comply with the memorandum and order of the United States District Court for the Eastern District of New York dated April 28, 2010, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). In addition to the factual allegations of charge 6, by memorandum and order of the United States District Court for the Eastern District of New York dated April 28, 2010, in the action entitled *Min Liu v Bank of America*, Judge Gleeson directed the respondent "to specifically inform [his client] of his law office failure, and to provide her with a copy of this opinion" and "to file an affidavit on or before May 7, 2010, specifically describing the means he employed to comply with this order." (2010 WL 1702537, *1 n, 2010 US Dist LEXIS 41471, *2-3 n [2010].) The respondent failed to comply. In an order dated June 9, 2010, the United States District Court ordered the respondent to show cause why he should not be adjudicated in contempt of court for failing to comply with the memorandum and order dated April 28, 2010. In a document denominated as "Counsel's Response to Order to Show Cause" dated July 5, 2010, the respondent admitted that he was not in compliance with the memorandum and order dated April 28, 2010. By facsimile transmission dated July 22, 2010, the respondent advised his client that the court had granted the defendant's motion for summary judgment. In addition, the respondent advised his client that he had failed to comply with the memorandum and order dated April 28, 2010. In an order dated July 26, 2010, the court determined that, based on the respondent's submissions dated July 22, 2010, he should not be held in contempt of court.

Charge 8 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to comply with an information subpoena, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On March 4, 2009, a judgment in the sum of $97,578.25 (including interest) was entered against the respondent in an action entitled *Munoz-Vogt v Rosenberg*, commenced in the Supreme Court, Nassau County, under index No. 3972/08. A notice to judgment debtor and information subpoena, dated July 12, 2010, were served upon the respondent via certified mail, return receipt requested. The respondent admits, and the court file reflects, that he failed to respond to the information subpoena. By order to show cause dated August 23, 2010, the plaintiff moved to have the respondent adjudged in contempt of court, pursuant to CPLR 5251, for failing to respond to the information subpoena. The respondent failed to respond to the motion. In an order dated November 29, 2010, the respondent was adjudged to be in contempt of court, pursuant to CPLR 5251 and Judiciary Law § 756, for failing to comply with the information subpoena.

Charge 9 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about June 21, 2010, the Grievance Committee received a notice from the Lawyers' Fund for Client Protection concerning a dishonored check drawn on the respondent's attorney trust account. Specifically, on April 16, 2010, check No. 1016, drawn on the respondent's attorney trust account at Citibank (No. xxxx0474) in the sum of $3,000, was dishonored due to insufficient funds. By letter dated June 24, 2010, the respondent was advised that an investigation had been commenced against him, and he was asked to submit a written response to the complaint, and to produce certain bank and bookkeeping records related to his attorney trust account, within 20 days of receipt of the Committee's letter. The respondent failed to answer. By letter dated July 27, 2010, sent via certified mail, return receipt requested, the Grievance Committee requested that the respondent submit a written response to the complaint, and produce certain bank and bookkeeping records related to his attorney trust account, within 10 days of his receipt of the Grievance Committee's letter. Postal records reflect that the Grievance Committee's letter was accepted for delivery by the respondent on July 29, 2010.

However, he failed to answer. By letter dated September 28, 2010, sent via certified mail, return receipt requested, the Grievance Committee requested that the respondent submit a written response to the complaint, and produce certain bank and bookkeeping records related to his attorney trust account, within 10 days of receipt of the Grievance Committee's letter. Postal records reflect that the Grievance Committee's letter was accepted for delivery by the respondent on September 30, 2010, but the respondent failed to answer.

Charge 10 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about July 30, 2010, the Grievance Committee received a complaint against the respondent from United States District Court Judge Gleeson, who alleged that the respondent had neglected a client matter. In addition, Judge Gleeson alleged that the respondent had failed to comply with certain directives of the United States District Court. By letter dated August 3, 2010, the respondent was advised that an investigation had been commenced against him by the Grievance Committee, and he was asked to submit a written response to Judge Gleeson's complaint within 10 days of receipt of the Grievance Committee's letter. By letter dated August 30, 2010, the respondent, by his attorney, submitted an answer. By letter to the respondent's counsel dated September 14, 2010, the Grievance Committee requested additional information with regard to Judge Gleeson's complaint, within 10 days of his receipt of the Grievance Committee's letter. The Grievance Committee did not receive a response. By letter to the respondent's counsel dated October 18, 2010, sent via certified mail, return receipt requested, the Grievance Committee once again requested additional information with regard to Judge Gleeson's complaint, within 10 days of his receipt of the Grievance Committee's letter. Postal records reflect that the letter to the respondent's counsel was accepted for delivery on October 19, 2010. However, the Grievance Committee did not receive a response.

Charge 11 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or

about August 16, 2010, the Grievance Committee received a notice from the Lawyers' Fund for Client Protection concerning a dishonored check drawn on the respondent's attorney trust account. Specifically, on July 19, 2010, a check drawn on the respondent's attorney trust account at Citibank (No. xxxx0474), in the sum of $740.05, was dishonored due to insufficient funds. By letter dated August 18, 2010, the respondent was advised that an investigation had been commenced against him, and he was asked to submit a written response to the complaint, and produce certain bank and bookkeeping records related to his attorney trust account, within 20 days of his receipt of the Grievance Committee's letter. However, the respondent failed to answer. By letter dated September 21, 2010, sent via certified mail, return receipt requested, the Grievance Committee requested the respondent to submit a written response to the complaint, and produce certain bank and bookkeeping records related to his attorney trust account, within 10 days of receipt of the Grievance Committee's letter. Postal records reflect that the Grievance Committee's letter was accepted for delivery on September 23, 2010. However, the respondent failed to answer.

Charge 12 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about October 27, 2010, the Grievance Committee received a notice from the Lawyers' Fund for Client Protection concerning a dishonored check drawn on the respondent's attorney trust account. Specifically, on September 22, 2010, a check drawn on the respondent's attorney trust account at Citibank (No. xxxx0474) in the sum of $740.75, was dishonored due to insufficient funds. By letter dated November 10, 2010, the respondent was advised that an investigation had been commenced against him, and he was asked to submit a written answer, and to produce certain bank and bookkeeping records related to his attorney trust account, within 20 days of his receipt of the Grievance Committee's letter. The respondent failed to answer.

Charge 13 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about January 18, 2011, the Grievance Committee received a

complaint against the respondent from the respondent's clients, Richard Uhl and Ellen Uhl (hereinafter together the Uhls). The Uhls alleged, inter alia, that the respondent had failed to return their file to them. By letter dated February 3, 2011, the respondent was advised that an investigation had been commenced against him, and he was asked to submit a written response within 10 days of his receipt of the Grievance Committee's letter. The respondent failed to answer.

Charge 14 alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigation of allegations of professional misconduct, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about February 14, 2011, the Grievance Committee received a complaint against the respondent from Richard Klass, Esq., on behalf of Mr. Klass's client, Cara Munoz-Vogt. The complaint alleged, inter alia, that by order of the Supreme Court, Nassau County, dated November 29, 2010, the respondent was found to be in contempt for failing to comply with an information subpoena dated July 12, 2010. By letter dated February 17, 2011, the respondent was advised that an investigation had been commenced against him, and he was asked to submit a written response to the complaint within 10 days of his receipt of the Grievance Committee's letter. The respondent failed to answer.

Based upon the respondent's admissions, and the evidence adduced, we find that the Special Referee properly sustained all 14 charges, and the respondent does not dispute the Special Referee's determination. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we note that the respondent admittedly failed to cooperate with the Grievance Committee in eight separate matters, neglected two legal matters entrusted to him, handled a matter which he knew, or should have known, he was not competent to handle, without associating with a lawyer who was competent to handle it, failed to turn over a client's file to new counsel, as requested, failed to comply with a memorandum and order of the United States District Court for the Eastern District of New York, and failed to comply with an information subpoena. Previously, the respondent was issued four letters of admonition and two letters of caution for similar misconduct. Although the

Special Referee found the respondent to be credible, and attributed the respondent's misconduct to, inter alia, his diagnosed depression, the record amply reflects that the respondent's admitted misconduct was, by and large, the byproduct of entrenched patterns of conduct—avoidance and self-defeating behavior—rather than depression. In fact, the respondent's own expert conceded that the respondent's depression would not be the type to result in the misconduct charged. According to the respondent's expert, the respondent is "brighter than most," with "good insight into his behavior" and "[awareness] of the wrongfulness of his conduct." He "just [cannot] kick-start himself into gear."

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years, with no credit for the time elapsed under the interim orders of suspension.

MASTRO, J.P., RIVERA, SKELOS, DILLON and HALL, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Steven Rosenberg, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 8, 2016. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (4) otherwise properly conducted himself. Additionally, such application shall be accompanied by a medical report from the respondent's treating physician with regard to the respondent's mental health; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Steven Rosenberg, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven Rosenberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).